USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKESODE ADEMOLA FAROUK,

                Plaintiff,

-against-

NY DOE, THE DEPARTMENT OF EDUCATION; DR. DYON ROZIER; ERIKA TOBIA, SUPERINTENDENT OF DISTRICT 08; MS. PAULETTE CHRISTIE,

                Defendants.

20-CV-418 (PGG) (SN)

ORDER OF SERVICE

SARAH NETBURN, United States Magistrate Judge:

Plaintiff brings this action *pro se*, alleging that his employer discriminated against him based on his race and Nigerian national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State Human Rights Law. Plaintiff also asserts claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654, the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act, 29 U.S.C. §§ 701-796. By order dated January 16, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants New York City Department of Education, Principal Dyon Rozier, Assistant Principal Paulette Christie, and Superintendent Erika Tobia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S.

Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants New York City Department of Education, Principal Dyon Rozier, Assistant Principal Paulette Christie, and Superintendent Erika Tobia and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 21, 2020
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Department of Education
   65 Court Street
   Brooklyn, NY 11201

2. Principal Dyon Rozier
   Bronx Math Preparatory School
   456 White Plains Road, 4th Floor
   Bronx, NY 10473

3. Assistant Principal Paulette Christie
   Bronx Math Preparatory School
   456 White Plains Road, 4th Floor
   Bronx, NY 10473

4. Erika Tobia, Superintendent of District 08
   601 Stickball Blvd.
   Bronx, NY 10473